**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PHILLIP J. OAKES                                                                                              PLAINTIFF
ADC #145126

V.                                               NO: 5:10CV00278 HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                                DEFENDANTS

**ORDER**

Plaintiff Phillip J. Oakes filed his complaint on June 15, 2010, and an amended complaint on November 19, 2010, alleging that, due to Defendants' failure to follow appropriate quarantine procedures, he was exposed to, and contracted, tuberculosis when he was incarcerated at the Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"). Plaintiff also claims that Defendant Judith Savoy allowed him to run out of medications once in June of 2010, and for four days in September of 2010. On July 7, 2011, Defendants Savoy and George Wilson filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #69-#71). Plaintiff filed a response in opposition on September 16, 2011 (docket entry #76). Savoy and Wilson ("Defendants") filed a reply to that response on September 20, 2011 (docket entry #77).

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them before he filed his lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their motion, Defendants cite Plaintiff's testimony, wherein he states that he only exhausted one grievance, RLW-10-227. Defendants have also provided a copy of that grievance (docket entry #71-2, page #5). Plaintiff named neither Savoy nor Wilson in any way in the grievance. ADC grievance policy requires inmates to be specific as to the "personnel involved" in the grievances. That requirement is on the grievance form itself (docket entry #71-2, page #5).

Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In his response, Plaintiff contends he was given the name of Michael Pfieffer for Wilson, and was therefore not able to identify the personnel involved in order to file his grievance against them.[1] However, Plaintiff did not make any allegations against Pfieffer, or any other specific ADC, or medical personnel, in the exhausted grievance. Thus, even if the Court accepted Plaintiff's suggestion that he should be excused from the exhaustion requirement because he was provided with the wrong names, he still would not have achieved proper exhaustion because he also failed to identify those individuals in his only exhausted grievance. Accordingly, Plaintiff has failed to properly exhaust his administrative remedies before he filed this lawsuit, and his complaint must therefore be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for summary judgment (docket entry #69) is GRANTED, and Plaintiff's claims against Defendants Judith Savor and George Wilson are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE with respect to his claims against the ADC, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] There is no assertion in Plaintiff's response to Defendants' motion that he was given the wrong name for Savoy.

DATED this  26   day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE